# In the United States Court of Federal Claims

|  |  |
|---|---|
| CEDRIC GREENE,<br><br>                              *Plaintiff,*<br><br>        v.<br><br>THE UNITED STATES,<br><br>                              *Defendant.* | No. 23-1821 L<br><br>(Filed: January 29, 2024) |

Cedric Greene, Los Angeles, CA, pro se.

Anne Delmare, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER
### Dismissing the Complaint and Denying In Forma Pauperis Status

**SILFEN,** *Judge.*

Plaintiff Cedric Greene filed a complaint in this court seeking relief for the alleged mishandling of mail he sent through the United States Postal Service. Mr. Greene alleges that the Postal Service delayed or damaged a certified mail package containing a money order. Mr. Green also asks to proceed in forma pauperis (IFP), seeking to litigate this case without paying the court's filing and administrative fees. The government opposes Mr. Greene's request to proceed IFP and asks this court to dismiss his complaint because it is frivolous and fails to state a claim.

Mr. Greene's extensive history of frivolous filings in this court and other federal courts precludes him from proceeding in forma pauperis. Further, this court lacks jurisdiction over Mr. Greene's claims related to the Postal Service, and his case could not have been brought in a district court, so the court must deny his request to transfer the case to a district court.

The court gave Mr. Greene two opportunities to respond to the arguments that this court lacks jurisdiction over his complaint and that a district court would too. The court further explained that Mr. Greene should show cause why the court should not impose a pre-filing restriction in which he must request permission before filing a complaint pro se in this court. Because Mr. Greene's response does not show that this court or a district court would have jurisdiction, does not otherwise excuse his numerous meritless cases in this court and others, and does not explain how the court can be confident that he will in the future curb the conduct that led to the show-cause order, the pre-filing restriction is warranted.

1

Thus, this court **denies** Mr. Greene's motion to proceed IFP, **dismisses** Mr. Greene's complaint, **denies** his alternative request for a transfer to a district court, and imposes the pre-filing restrictions discussed below.

## I.    Background

On October 16, 2023, plaintiff Cedric Greene filed a complaint seeking relief for the alleged mishandling of mail that he sent through the Postal Service. According to Mr. Greene, he sent a certified mail package on September 9, 2023, containing a money order for an unspecified value. ECF No. 1 at 2. Mr. Greene states that the package was lost or damaged and had not been delivered as of the date of the complaint. *Id.* On November 8, 2023, the court received a letter from Mr. Greene requesting that the court take judicial notice that a second package was mishandled and delayed by the Postal Service because it was sent through a mail distribution center in North Carolina before being delivered to its intended address. ECF No. 8 at 2. Mr. Greene also sought IFP status. ECF No. 2.

The government opposed Mr. Greene's motion to proceed IFP and moved for summary dismissal of Mr. Greene's complaint. ECF No. 6. After briefing on those motions was finished, Mr. Greene moved for leave to file a sur-reply. ECF No. 15.

The court issued an order granting Mr. Greene's motion for a sur-reply and explaining that Mr. Greene had to show cause why he should not be subject to a pre-filing restriction in this court. ECF No. 16. Mr. Greene filed his sur-reply with arguments opposing the pre-filing restriction. He later moved for voluntary dismissal of his case but then asked to withdraw the motion for voluntary dismissal. ECF Nos. 19, 20.

## II.    Discussion

The government opposes allowing Mr. Greene to proceed in forma pauperis, arguing that this court should deny his motion due to his history of frivolous litigation. The government also requests that the court dismiss his complaint, arguing, among other things, that (1) the court lacks jurisdiction over Mr. Greene's claims because they allege a tort; (2) Mr. Green fails to state a claim upon which relief can be granted; and (3) his complaint is frivolous.

This court's jurisdiction is primarily defined by the Tucker Act, which provides the court with exclusive jurisdiction to decide specific types of monetary claims against the United States. *See* 28 U.S.C. § 1491(a)(1); *see also Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994); 28 U.S.C. § 1491(a)(1). The Tucker Act provides this court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004).

This court has traditionally held the pleadings of a pro se plaintiff to a less stringent standard than those of a litigant represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (stating that pro se complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers" (marks omitted)). The court therefore has discretion to examine the pleadings and record "to see if [a pro se] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188

Ct. Cl. 456, 468 (1969). But pro se plaintiffs still have the burden to establish the court's jurisdiction by a preponderance of the evidence. *See Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)); *accord Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019) (citing *Taylor* and *Kelly v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

"In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). If, at any time, the court determines that it lacks subject-matter jurisdiction over the action, it must dismiss the case. RCFC 12(h)(3); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*.").

The court's duty to assure itself of its own subject-matter jurisdiction is also reflected in 28 U.S.C. § 1915, which governs the granting of IFP status to litigants. Section 1915 demands that this court dismiss a case "at any time if the court determines that ... the action ... is frivolous or malicious." 28 U.S.C. § 1915(e)(2). A complaint is considered frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Hastings v. United States*, 165 Fed. Cl. 1, 8 (2023) (finding a complaint frivolous when it sought "extraordinary relief while alleging myriad violation of Plaintiff's rights with minimal specificity as to the allegations and relevant facts"). A decision to grant or deny IFP status is otherwise within the court's discretion. *Chamberlain v. United States*, 655 F. App'x 822, 825 (Fed. Cir. 2016).

### A.  This Court does not have jurisdiction over the subject matter of Mr. Greene's claims

This court lacks jurisdiction to hear Mr. Greene's complaint because this court does not have jurisdiction over tort actions under the Tucker Act.

Under the Tucker Act, this court "shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages *in cases not sounding in tort*." 28 U.S.C. § 1491 (emphasis added). A claim based on failure to deliver mail sounds in tort. *Webber v. United States*, 231 Ct. Cl. 1009 (1982) (citing *Threatt v. United States*, 77 Ct. Cl. 645, 646 (1933) (Claims based upon failure to deliver mail "aris[e] in tort and not upon a contract.")); *Lucas v. United States*, 228 Ct. Cl. 860, 862 (1981) ("[P]laintiff's claims based upon the delay in transmitting the letter sound in tort.").

While Mr. Greene initially tried to portray his claims as takings under the Fifth Amendment, his claims all arise out of the alleged mishandling of his mail by the Postal Service. ECF No. 1 at 1-3; ECF No. 8 at 2. Because all of Mr. Greene's claims arise out of the alleged negligent or tortious handling of the mail by the Postal Service, this court has no jurisdiction under the Tucker Act. Indeed, Mr. Greene now concedes that this court lacks jurisdiction to hear his claims. ECF No. 12 at 3.

**B.      A transfer to district court is not warranted**

Because Mr. Greene concedes that this court lacks subject-matter jurisdiction, he requests a transfer of his case to the U.S. District Court for the District of Columbia. ECF No. 1 at 3; ECF No. 17 at 5. A transfer to district court is inappropriate.

Transfer to a district court "is appropriate if (1) the transferor court lacks jurisdiction; (2) the action could have been brought in the transferee court at the time it was filed; and (3) transfer is in the interest of justice." *Zoltek Corp. v. United States*, 672 F.3d 1309, 1314 (Fed. Cir. 2012) (citing 28 U.S.C. § 1631). So this court can transfer the case only if the district court would have jurisdiction over it.

"[T]he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). But the district courts' jurisdiction is limited by statute. The Federal Tort Claims Act ("FTCA") waives the federal government's sovereign immunity only in certain types of cases. Its provisions "shall not apply to ... [a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *see also Dolan v. United States Postal Serv.*, 546 U.S. 481, 484 (2006); *Naskar v. United States*, 82 Fed. Cl. 319, 321 (2008).

Mr. Greene argues that, in district court, his "case would not be filed under the Federal Tort Claims Act" and that the district court "gives Greene more options to litigate a case of this nature due to the codes that it falls under. It can also proceed down the cause of action path in U.S. District Court, and the District of Columbia process doesn't ask much of Mr. Greene." ECF No. 17 at 5. While Mr. Greene could file his case without invoking the FTCA, he then would not be providing any basis on which the district court could act or any provision under which the government has waived its sovereign immunity.

Because Mr. Greene alleges the loss, mishandling, or negligent transmission of his mail in transit to its intended recipients, his claims fall within the postal exception to the FTCA. 28 U.S.C. § 2680(b); *Dolan*, 546 U.S. at 486-87; *Naskar*, 82 Fed. Cl. at 321. A district court would have no jurisdiction over those claims under the FTCA or any other statute that this court is aware of, so Mr. Greene could not have brought his complaint there originally, making transfer inappropriate.

**C.      Mr. Greene's history of frivolous filings precludes in forma pauperis status**

Mr. Greene's abuse of the judicial system precludes him from proceeding IFP in this court. A court has a "duty to deny in forma pauperis status to those individuals who have abused the system," *In re Sindram*, 498 U.S. 177, 180 (1991), to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the cost of bringing suit," *Neitzke*, 490 U.S. at 327. When considering a motion to proceed IFP, this court "is free to consider a history of frivolous filing in determining whether to grant a motion to proceed in forma pauperis." *Straw v. United States*, 2021-1600 & -1602, 2021 WL 3440773, at *6 (Fed. Cir. Aug. 6, 2021) (affirming denial of IFP status where the plaintiff had a history of filing frivolous suits); *see also In re Anderson*, 511 U.S. 364, 365-66 (1994) (denying

4

pro se petitioner's request for leave to proceed IFP where the Supreme Court had found a history of filing frivolous petitions).

Mr. Greene is a prolific filer in the federal court system. He has filed five cases in this court since November 2022. Each of those cases has been dismissed for lack of jurisdiction, he has appealed each case, and the Federal Circuit has affirmed each time. *See Greene v. United States*, No. 22-1711 (Fed. Cl. May 15, 2023), *aff'd* No. 23-1994 (Fed. Cir. Nov. 11, 2023); *Greene v. United States*, No. 22-1754 (Fed. Cl. Feb. 21, 2023), *aff'd* No. 23-1613 (Fed. Cir. Aug. 11, 2023); *Greene v. United State*s, No. 22-1779 (Fed. Cl. Apr. 5, 2023), *aff'd* No. 23-1776 (Fed. Cir. Oct. 5, 2023); *Greene v. United States*, No. 23-14 (Fed. Cl. Jan. 13, 2023), *aff'd* No. 23-1551 (Fed. Cir. Aug. 16, 2023). In each of Mr. Greene's suits in this court, he has filed numerous non-compliant documents, and in each decision a judge of this court has explained the court's limited jurisdiction.

Outside this court, Mr. Greene has filed more than three hundred cases in other federal courts. *See* Docket Search on Bloomberg Law for Cedric Greene, https://www.bloomberg-glaw.com/product/blaw/search/results/cb166d2199fb29d0b5cafd2f19cba69b (search all "Federal Courts Dockets"; Plaintiff "Cedric Greene"; search results show 307 cases across federal courts; results from Jan. 5, 2024).

In many of Mr. Greene's suits, the courts have found his arguments or complaints frivolous, malicious, or vexatious, and he has been sanctioned in several courts. *See generally In re Greene*, 578 U.S. 974 (2016) (denying Mr. Greene's application to proceed IFP for all future matters at the Supreme Court and finding that he "has repeatedly abused this Court's process"); *Greene v. Sprint Nextel Corp.*, 750 F. App'x 661, 666-67 (10th Cir. 2018) (denying Mr. Greene's application to proceed in forma pauperis and imposing a prefiling restriction in the Tenth Circuit); *Greene v. JP Morgan Chase NA*, 2020 WL 2112277, at *2 n.3 (S.D. Ohio May 4, 2020) (noting that a "far less than exhaustive Westlaw search revealed a truly astounding number of unsuccessful civil actions filed by [Mr. Greene]"); *Greene v. United States Postal Serv.*, No. 3:20-CV-1172-E-BK, 2020 WL 3455130, at *1 (N.D. Tex. May 26, 2020), *report and recommendation adopted*, No. 3:20-CV-1172-E-BK, 2020 WL 3452279 (N.D. Tex. June 24, 2020) (sanctioning and barring Mr. Greene from filing in forma pauperis in the district); *Cedric Greene v. Men's Central Jail*, Case No. 11–cv–02359 (C.D. Cal. May 10, 2011) (finding Mr. Greene a vexatious litigator as a result of filing over 70 non-meritorious actions and barring him from filing any complaint unless he has filed a motion for leave that includes a copy of the recommendation and order imposing the filing restrictions and a copy of the proposed complaint); *Greene v. Sprint Nextel Corp.*, No. 6:18-CV-1005, 2018 WL 851345, at *3 (D. Kan. Feb. 14, 2018) (imposing similar filing restrictions on Mr. Greene); *Greene v. Off. of the Comptroller of the Currency*, No. 1:19-CV-00821 (D. Colo. June 13, 2019) (same); *Greene v. Gray*, No. 2:16-CV-804, 2017 WL 3705075, at *1 (D. Utah Aug. 28, 2017) (restricting Mr. Greene's ability to file a new case).

This case is also not the first time Mr. Greene has alleged misconduct by the Postal Service in handling mail. He filed at least two similar complaints in other courts, where he alleged that he sent mail to a family member and it was tampered with. *See Greene v. United States Postal Serv.*, No. C19-0129-JCC, 2019 WL 859134, at *1 (W.D. Wash. Feb. 22, 2019) (alleging that the Postal Service lost the money from a birthday card that Mr. Greene mailed to his grandson), *aff'd* 2019 WL 8266872 (9th Cir. 2019); *Greene v. United States Postal Serv.*, No. 19-CV-01495-LTB-GPG, 2019 WL 9093603, at *2 (D. Colo. July 23, 2019) (same), *aff'd* 795 F. App'x 581 (10th Cir. 2019).

Both of those cases were dismissed, and both were affirmed on appeal. In Colorado, the court denied Mr. Greene's application to proceed IFP. *Greene v. United States Postal Serv.*, 2019 WL 9093603, at *1. After that, Mr. Greene attempted to have the Northern District of Texas review the Tenth Circuit's decisions, resulting in dismissal and sanctions. *See Greene v. United States Postal Serv.*, No. 3:20-CV-1172-E-BK, 2020 WL 3455130, at *1 (N.D. Tex. May 26, 2020), *report and recommendation adopted*, No. 3:20-CV-1172-E-BK, 2020 WL 3452279 (N.D. Tex. June 24, 2020) (dismissing complaint and sanctioning Mr. Greene for frivolous and vexatious litigation).

In general, a case may be dismissed as malicious if it duplicates claims that the same plaintiff has raised in previous or pending litigation. *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). Duplicative cases repeat "the same series of events" and allege "many of the same facts as an earlier suit." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Here, while Mr. Greene does not clarify whether he is alleging that the mail was lost or that it was damaged in transit—indeed, he has not said whether the package eventually arrived—the essence of the case is the same as the earlier cases in Washington and Colorado. In all three, Mr. Greene alleged that the Postal Service's mishandling of the mail led to harm to a minor relative of his. Thus, not only does Mr. Greene have a history of filing hundreds of cases in the federal court system, many of which resulted in sanctions or findings of frivolous litigation, but he has also failed to curb his litigation on the very issue he raises here, after other courts found those cases meritless.

Mr. Greene responded to this court's show-cause order by stating that he "isn't a frivolous litigant." ECF No. 17 at 2. He argues that, once one court sanctioned him, other courts were influenced by the first court to also restrict his ability to litigate. *Id.* He argues that, in that first case and now, he only wanted a transfer of his case. *Id.* at 2, 4. But Mr. Greene provides no support for his argument that "reliable sources from [the first] venues notified him that they were influenced by a Federal venue on the West Coast to take action against him in a restriction manner." *Id.* at 2. Furthermore, even if none of the judges in Mr. Greene's more than three hundred prior cases had sanctioned him, the findings that many of those cases were frivolous, along with this court's determination that this case is meritless, would warrant denying Mr. Greene's IFP request. *See, e.g.*, *Neitzke*, 490 U.S. at 327.

> **D.    The pre-filing restriction outlined in the court's show-cause order is warranted**

After reviewing Mr. Greene's complaint, the government's motion, and Mr. Greene's extensive history with the federal courts discussed above, the court issued an order requiring Mr. Greene to show cause why he should not be subject to a pre-filing restriction in this court. ECF No. 16; *see generally Allen v. United States*, 88 F.4th 983 (Fed. Cir. 2023) (holding that the court must give a plaintiff notice and an opportunity to be heard before issuing a pre-filing injunction). The court explained that it contemplated an injunction that would prevent Mr. Greene from filing a complaint without a lawyer in this court unless he first obtains permission to file the complaint from the Chief Judge of this court. If Mr. Greene wanted to file a new complaint in this court, he would have to submit a motion for leave to file and explain why the new complaint is timely and properly before this court and would have to attach the full complaint satisfying the requirements of rule 8 of the Rules of the Court of Federal Claims. The injunction would also prevent him from filing any future complaints in forma pauperis in this court.

Mr. Greene's response to the show-cause order, ECF No. 17, does not adequately address the court's concerns. Mr. Greene does not take responsibility for the many times he has been sanctioned, nor does he address the decisions by this court and others finding his cases frivolous. Instead, Mr. Greene blames the courts for acting unfairly. He asserts that the sanctions were "not made in good faith or legit purpose" and, as discussed above, argues without evidence that the first sanctioning court unfairly influenced the later courts. *Id.* at 2.

While Mr. Greene asserts that, before filing in this court in the future, he "would do a much better job at the research portion of it to see if it's a case that this Court could entertain" (ECF No. 17 at 5), his history of litigation suggests otherwise. He has been heard in this court multiple times, and the court has explained (see above) that it did not have jurisdiction to hear his complaints. Still, Mr. Greene has continued to both file suit in this court and appeal each decision.

Further, the pre-filing restrictions that the court contemplated do not close the courthouse doors to Mr. Greene. The restrictions only block the kinds of frivolous suits that waste this court's limited resources. If in the future Mr. Greene has a claim that could be heard by this court, he can request that the Chief Judge review his complaint and allow him to move forward.

Recently, Mr. Green filed a motion for voluntary dismissal (ECF No. 19), and then moved to withdraw that motion the next day (ECF No. 20), before the court had the opportunity to rule on the first motion. Even if the court had granted Mr. Greene's request to voluntarily dismiss the case and denied his motion to withdraw that request, the court could still impose its contemplated pre-filing restrictions. The court can decide collateral issues, even when a case is no longer pending, as part of its inherent supervisory powers. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). Those collateral issues include imposing pre-filing injunctions. *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291-92 (5th Cir. 2016); *see also Cooter & Gell*, 496 U.S. 384 (sanctions under rule 11 of the Federal Rules of Civil Procedure); *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168–70 (1939) (costs); *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 451 n. 13 (1982) (attorney's fees); *United States v. United Mine Workers*, 330 U.S. 258, 294 (1947) (contempt proceedings).

This court therefore enters the pre-filing injunction that it contemplated in its show-cause order: Effective immediately, Cedric Greene is enjoined from filing new complaints pro se in this court without first obtaining leave to file from this court's Chief Judge. If Mr. Greene seeks to file a new complaint in this court, he shall submit a motion for leave to file and explain why the new complaint is timely and properly before the court. Any motion for leave to file a new complaint must also include the complaint that Mr. Greene intends to file as an attachment. The complaint must satisfy the requirements of rule 8 of the Rules of the Court of Federal Claims. Notwithstanding those restrictions, Mr. Greene may file a new complaint without first submitting a motion for leave if the complaint is signed and filed by an attorney who is duly licensed and authorized to practice law under the laws of at least one state or territory of the United States or the District of Columbia and is a member in good standing of the Bar of the United States Court of Federal Claims. *See generally Greene v. Sprint Nextel Corp.*, 750 F. App'x 661, 666-67 (10th Cir. 2018) (denying Mr. Greene's application to proceed in forma pauperis and imposing a similar prefiling restriction in the Tenth Circuit). Whether proceeding pro se or with an attorney, Mr. Greene will be required to pay the court's full filing fee to proceed.

III.    **Conclusion**

For the reasons stated above, this court **grants** the government's motion for summary dismissal (ECF No. 6), **denies** Mr. Greene's motion to proceed in forma pauperis (ECF No. 2), and **dismisses** Mr. Greene's complaint. Mr. Greene is **enjoined** from filing new complaints pro se in the United States Court of Federal Claims without first obtaining leave to file from the Chief Judge under the restrictions described above. Mr. Green may file a new complaint without first obtaining leave to file if his complaint is signed and filed by an attorney who is duly licensed and authorized to practice law under the laws of at least one state or territory of the United States or the District of Columbia and is a member in good standing of the Bar of the United States Court of Federal Claims. Whether proceeding pro se or with an attorney, Mr. Greene will be required to pay the court's full filing fee to proceed.

The court **grants** Mr. Greene's motion to withdraw (ECF No. 20) his earlier motion to voluntarily dismiss and thus **denies** the earlier motion to voluntarily dismiss his complaint (ECF No. 19). The court **denies** as moot Mr. Greene's motion for leave to file a response from the great-grandmother of his grandchild (ECF No. 18).

The Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED.**


 s/ Molly R. Silfen
MOLLY R. SILFEN
Judge